UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FUKUN DANG, | Case No. 5:26-cv-04173-SSC |
| Petitioner, | |
| v. | MEMORANDUM AND ORDER |
| JAMES JANECHA, et al., | |
| Respondents. | |

On July 24, 2026, Petitioner Fukun Dang, through counsel, filed a petition for writ of habeas corpus by a person in federal custody pursuant to 28 U.S.C. § 2241.  (ECF 1.)  Petitioner is a noncitizen[1] who is in immigration detention in Adelanto, California.  (*Id.* at 5.)

The petition alleges the following facts.  On November 28, 2018, Petitioner was inspected and admitted into the United States on a B-2 nonimmigrant visa.  (*Id.* at 6.)  On May 17, 2019, Petitioner filed an application for asylum, which remains pending.  (*Id.*)  Petitioner's

---

[1] Under the Immigration and Nationality Act (INA), the term "alien" means "any person not a citizen or national of the United States."  8 U.S.C. § 1101(a)(3).  Following the lead of the U.S. Supreme Court and the Ninth Circuit, the Court uses the term "noncitizen" in place of "alien."  *See Patel v. Garland*, 596 U.S. 328 (2022) (Barrett, J.); *United States v. Palomar-Santiago*, 593 U.S. 321 (2021) (Sotomayor, J.); *Barton v. Barr*, 590 U.S. 222, 226 n.2 (2020) (Kavanaugh, J.) ("This opinion uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" (citing 8 U.S.C. § 1101(a)(3))); *Avilez v. Garland*, 69 F.4th 525 (9th Cir. 2023); *Arce v. United States*, 899 F.3d 796 (9th Cir. 2018).

asylum interview was held on July 9, 2026.  (*Id.* at 7.)  On July 17, 2026, Petitioner was scheduled to travel on a domestic flight and was detained at Los Angeles International Airport without a "judicial warrant," prior notice, or a hearing.  (*Id.*)

The petition raises two claims: (1) a procedural due process claim alleging that Petitioner's detention without pre-deprivation notice and a hearing violated due process; and (2) a substantive due process claim alleging that Petitioner's detention is untethered to any permissible purpose.  (*Id.* at 12–13.)  Petitioner seeks release, among other relief, including costs and attorney's fees under the Equal Access to Justice Act.[2]  (*Id.* at 13–14.)

On August 3, 2026, Respondents filed an answer, which provides that "Respondents are not presenting an opposition argument at this time to the Petitioner receiving a bond hearing.  To the extent the Court is inclined to order relief, at most it should be a Section 1226 bond hearing in these proceedings, it should be consistent with what courts in this District have generally ordered in similar cases, which is to require an 8 U.S.C. § 1226(a) hearing to be provided in seven days so that the Immigration Court could evaluate, at a minimum, Petitioner's danger to the community or if he poses a flight risk."  (ECF 7 at 2.)

Petitioner filed a reply.  (ECF 8.)  Petitioner contends that release is the proper remedy and that a bond hearing cannot cure the violation.  (*Id.* at 8–11.)

---

[2] To recover prevailing-party fees under the Equal Access to Justice Act (EAJA), counsel must file a separate motion for such fees within thirty days of final judgment in the action.  *See* 28 U.S.C. § 2412(d); *Perez-Arellano v. Smith*, 279 F.3d 791, 793 (9th Cir. 2002).  The Supreme Court recently granted certiorari to decide if the EAJA applies to an action seeking a writ of habeas corpus to challenge civil immigration detention.  *See Palacios v. Liggins*, No. 25-1223, 2026 WL 1855057, at *1 (U.S. June 29, 2026).

The Court finds the matter suitable for disposition without oral argument. Fed. R. Civ. P. 78(b); L.R. 7-15.

## II

Relief in the form of a writ of habeas corpus may be granted to a person in custody under the authority of the United States if the petitioner can show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(1), (3). The writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004).

## III

As Respondents present no legal challenge to the alleged due process violations, the Court construes the petition as unopposed.[3] The question then is what relief should follow.

Respondents do not oppose a bond hearing. Petitioner seeks a different form of relief, arguing that only release can cure her harms. The Court disagrees. The facts and nature of the violation here militate in favor of a conditional order of release in the form of a bond hearing before an immigration judge. Given that "habeas corpus is, at its core, an equitable remedy," *Schlup v. Delo*, 513 U.S. 298, 319 (1995), courts have "broad discretion in conditioning a judgment granting habeas relief," *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987). While the

---

[3] "In our adversarial system of adjudication, we follow the principle of party presentation" meaning that "in both civil and criminal cases, in the first instance and on appeal . . . we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." *United States v. Sineneng-Smith*, 590 U.S. 371, 375 (2020) (citation modified). Further, "as a general rule, our system is designed around the premise that [parties represented by competent counsel] know what is best for them, and are responsible for advancing the facts and argument entitling them to relief." *Id.* at 375–76 (citation modified).

3

traditional remedy provided by the writ is immediate release, modern courts generally "employ a conditional order of release in appropriate circumstances." *Harvest v. Castro*, 531 F.3d 737, 741–42 (9th Cir. 2008) (collecting cases). Further, prompt, post-deprivation process can cure certain pre-deprivation due process deficiencies. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1208 (9th Cir. 2022) (reasoning that under *Mathews v. Eldridge*, 424 U.S. 319 (1976), courts must "consider the process [petitioner] received [while detained]" and "the further process that was available to him"); *Aguilar v. Semaia*, No. 5:26-cv-00023-MCS-SSC, 2026 WL 166906, at \*4–5 (C.D. Cal. Jan. 16, 2026) (denying request for immediate release from immigration detention in light of post-detention process provided, including a bond hearing).

Accordingly, the Court exercises its discretion to issue a conditional order of release requiring a bond hearing as described below. A neutral immigration judge can determine, on a more developed record, whether Respondents had the authority to detain Petitioner and whether Petitioner is entitled to bond. If Petitioner is denied bond, she will be able to appeal that denial to the Board of Immigration Appeals.

4

# ORDER

**IT IS ORDERED** that Judgment shall be entered (1) granting the petition; and (2) enjoining Respondents from continuing to detain Petitioner unless no later than **August 12, 2026**, she is provided with an individualized bond hearing before a neutral immigration judge in accordance with 8 U.S.C. § 1226(a).

DATED: August 5, 2026

_____
HONORABLE STEPHANIE S. CHRISTENSEN
UNITED STATES MAGISTRATE JUDGE